USCA1 Opinion

 

 March 29, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1908 WILLIAM C. DUFFY, Plaintiff, Appellant, v. AT&T NETWORK SYSTEMS, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ William C. Duffy on brief pro se. ________________ Lynn Toney Collins, Thomas E. Shirley and Choate, Hall & Stewart, __________________ _________________ ______________________ on brief for appellee. ____________________ ____________________ Per Curiam. Plaintiff-appellant William C. Duffy __________ at one time was employed as an engineer by defendant AT&T Network Systems, Inc. ("AT&T"). Almost six years after he was allegedly pressured by AT&T personnel to resign from his employment, he brought this pro se diversity action alleging ___ __ various tort and contract claims arising from his employment and resignation. At the close of discovery, the district court granted AT&T's motion for summary judgment on all claims. On appeal Duffy challenges the judgment only with respect to the claims in counts one and three of the complaint. Applying a plenary standard of review, as we must on appeal from a summary judgment, we perceive no genuine issue as to any material fact, and agree with the district court that AT&T is entitled to judgment as a matter of law. See Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) ___ ___________ _____ (standard of review); see also Fed. R. Civ. P. 56(c). ________ In count one, Duffy pleaded a claim for breach of an employment contract based on AT&T's personnel manuals. He conceded in his deposition, however, that AT&T had retained the unilateral right to modify each of the manuals given to him during the course of his employment, did not negotiate with him concerning the terms of the manuals, did not ask for his assent to the terms, and that the manuals did not specify any term of employment. We agree with the district court that these concessions fatally undermine Duffy's theory that the manuals embodied an enforceable contract between the parties. See Pearson v. John Hancock Mut. Life Ins. Co., 979 ___ _______ _______________________________ F.2d 254, 256 (1st Cir. 1992), (citing Jackson v. Action for _______ __________ Boston Community Dev., Inc., 525 N.E.2d 411 (Mass. 1988)). ____________________________ Although Duffy argues that his contract claim was not limited to the personnel manuals, because he had pleaded "an employment contract . . . which included . . . the terms of the AT&T personnel manual," he offered the district court no facts from which a reasonable trier might infer the elements essential to formation of a contract under any theory. As did the district court, we decline to entertain Duffy's argument that count one should be construed to include a claim for breach of an alleged contract to provide unemployment benefits. This argument was offered for the __ first time at the summary judgment hearing. The district court did not abuse its discretion in rejecting it as an untimely attempt to amend the pleadings. Arguments not fully developed in the lower court are deemed waived on appeal. Ryan v. Royal Ins. Co., 916 F.2d 731, 734 (1st Cir. 1990). ____ ______________ Lastly, we see no error in the dismissal of count three of the complaint, which attempted to assert a civil claim for violation of the state's personnel records statute, Mass. Gen. L. ch. 149, 52C. The statute does not expressly provide a civil remedy for the specific violation alleged -- -3- denial of access to personnel records -- and Duffy offered no reasoned support below for judicial creation of the suggested remedy. He now attempts to expand count three to include other alleged wrongdoing of an uncertain nature which he construes as coming within the statute's express civil remedy provision. Again, however, as this argument was not fully developed below, it is deemed waived on appeal. Id. ___ Affirmed. ________ -4-